1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| DANIEL T. MILLER, AMBER LANPHERE, and PAUL M. MATHESON, Individually, and on behalf of others similarly situated; ) ) ) ) | No. |
| Plaintiffs, ) ) ) | COMPLAINT BY CONSUMERS AND INDIAN RETAILER OF COMMERCIALLY PACKAGED |
| v. ) ) ) | CIGARETTES FOR REFUND OF TRIBALLY MANDATED TAXES, FOR RELIEF FROM |
| CHAD WRIGHT, Puyallup Tribe Tax Department, Enforcement Officer, HERMAN DILLON SR., Chairman Puyallup Tribe of Indians, and the PUYALLUP TRIBE OF INDIANS, a federally recognized American Indian tribe; ) ) ) ) ) ) ) ) ) | FORCED PAYMENTS INTO WASHINGTON STATE MASTER SETTLEMENT ACT ESCROW; FOR ANTITRUST AND PRICE FIXING DAMAGES; FOR DECLARATORY JUDGMENT |
| Defendants. ) ) ) ) ) ) ) ) ) ) ) ) ) ) | AND INJUNCTION AGAINST PRICE FIXING; FOR INJUNCTION AGAINST FUTURE TAXES; FOR AN INJUNCTION AND DECLARATORY JUDGMENT DETERMINING THE TRIBE-STATE COMPACT INAPPLICABLE TO PLAINTIFFS; FOR A DECREE DETERMINING LACK OF SOVEREIGNTY OF TRIBE TO |

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 1

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

REGULATE PLAINTIFFS )
DANIEL T. MILLER AND )
AMBER LANPHERE; FOR A )
DECLARATORY JUDGMENT )
THAT TRIBAL COURT )
PROCEEDINGS ARE NON- )
BINDING AS )
FUNDAMENTALLY UNFAIR )
AND LACKING IN DUE )
PROCESS AND OTHER )
RELIEF )
)
_____)

Plaintiffs, by and through their undersigned attorney, complain against Defendants as follows:

## I.  INTRODUCTION

1.1   The Defendant Tribe and individual Defendants own and operate retail businesses selling commercially manufactured cigarettes of the same kind and quality in the same market area as Plaintiff Paul Matheson who is in direct competition with Defendants.  Defendants have knowingly violated federal antitrust and unfair pricing control by limiting the wholesalers to Plaintiff Matheson and by setting minimum resale prices. The monopoly created charges five or more dollars to Matheson that non-limited wholesalers.  The Defendant Tribe sells cigarettes to the general public in the same market area.  At the same time, the Tribe forces all Plaintiffs to pay more for the cigarettes by adding illegal charges and restricting Plaintiff Matheson's purchases at wholesale to wholesalers who

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 2

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

charge more to the product than other wholesalers would charge. Defendants do not pay the tribal tax to third parties on their competitive sales to the public, thereby restricting competition and damaging Plaintiffs all of whom are forced to pay higher prices for the same goods in the market area, a per se violation of federal law.

1.2    On April 29, 2005, Defendant Puyallup Tribe, a competitor in the same market area as Plaintiff Paul Matheson in the retail sale of cigarettes to the general public, agreed to force its tribal retailers to charge a cigarette tax on retail purchasers in lock step or equal to 87% of the State of Washington's cigarette tax.  The Tribe agreed to force its member smoke shop operators to buy inventory only from state licensed wholesalers or any wholesaler who, prior to sale, had to be certified by the State of Washington to charge the Master Settlement Act addition to the wholesale price of cigarettes.  The result was higher wholesale costs.  The tribal retailers were forced by Defendants to sell to the public at a minimum price computed by the wholesaler purchase price plus the Puyallup Tribe tax which was always to be equal or in lock step to the state cigarette tax.

1.3    The Defendant Tribe owns and operates retail businesses in the same market area as Plaintiff Matheson including the Tahoma Market at Tacoma, Washington.  Both Matheson and the Tribe sell cigarettes of the same kind and quality to the general public in the same market area.  The

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 3

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

unfair competition by the Defendant Tribe and price fixing causes damage to all Plaintiffs in violation of federal laws including 15 U.S.C. §§ 1-26, the Sherman and Clayton Antitrust Acts.

1.4    Plaintiffs Daniel T. Miller and Amber Lanphere, upon who the incidence of tax falls, are non-Indian, non-residents of the Puyallup Indian Reservation.  They contend that the Puyallup Tribe has no sovereign power to tax them.   Basically, this suit seeks to eliminate price fixing by Defendants; to create a class action tax refund and treble damages fund, and to prevent Defendants from taxing transactions between Plaintiffs.  The suit also seeks to prevent comity in Puyallup Tribal and Puyallup Appellate Court proceedings.

## II.  PARTIES

### Plaintiffs

2.1    Plaintiff Daniel T. Miller is a single individual, a non-member, non-Indian, who resides in Spokane Valley, Washington.  Miller purchased commercially packaged cigarettes at Plaintiff Matheson's Baby Zack's convenience store and personally visited the Defendant's tribal retail business at Puyallup, Washington, that sells cigarettes to the general public.  He could have purchased the same kind, grade and quality of cigarettes from the tribal store but would have had to pay the same price or greater. All retail stores owned and operated by the Defendant Tribe are

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 4

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

within the Puyallup Indian Reservation.  The Defendant Tribe agreed to force price fixing on Miller's purchase thereby costing Plaintiff Miller as a direct result of the Defendant's conduct to pay more for the cigarettes.

2.2    Plaintiff Daniel T. Miller was forced to pay the sum of $30.00 or more in additional price per carton as a result of the pass on and collect Puyallup Tribe cigarette tax. The price he paid also included an additional $5, more or less, per carton charge ostensibly paid to the State of Washington's health care fund. Miller has no contractual, consensual or any other legal or actual relationship with the Puyallup Tribe of Indians. He travels on and off the Puyallup Indian Reservation on federal, state or county roads. He stayed less than two hours on the reservation. He received no special benefit of any kind from any of the Defendants resulting from his patronage and purchase of cigarettes from Plaintiff Matheson's store. Daniel T. Miller seeks the return of the taxes he paid on the cigarette purchase and a temporary and permanent injunction against Defendants thereby permitting him to purchase cigarettes from Matheson's store without Puyallup Tribe cigarette tax, the MSA premium addition, the state sales tax, or any one of the forced price additions caused by Defendants' conduct.

2.3    Plaintiff Daniel T. Miller has never been and cannot be subject to any defense of sovereign immunity as he has no nexus with the Defendant Puyallup Tribe that would allow a defense of sovereign immunity.

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 5

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

See, e.g., *Plains Commerce Bank v. Long Family Cattle Co.*, 534 U.S. 316, 340 (2008); *Atkinson Trading Co. v. Shirley*, 532 U.S. 645, 655, fn. 6 (2001). The Defendant Tribe knowingly and purposefully exceeded its legislative, adjudicative and political power when, as a market competitor, it agreed to control prices. The price competition conduct by the Defendants violates federal law of general applicability and prevents any immunity.

2.4 Amber Lanphere is a single individual, a non-Indian, and lives in the State of Washington at Tacoma outside of the boundaries of the Puyallup Indian Reservation. She resides in the Western District of Washington at Tacoma. Amber Lanphere purchased commercially packaged cigarettes at Paul Matheson's retail store on the Reservation. The sale price included a Master Settlement Escrow Fund premium and the Puyallup Tribe cigarette tax. The Master Settlement Act is a nationwide settlement with the State of Washington and other states with major tobacco manufacturers entered into on November 23, 1998. Wash.Rev.Code. 70.157.010(e). She was also charged, as a retail purchaser, with the separately stated Puyallup Tribe cigarette tax. The Puyallup Tribe cigarette tax was charged by Defendants to comply with a Puyallup Tribe-State of Washington Agreement, signed April 29, 2005. Amber Lanphere is not bound by any agreement made by the Tribe with the State concerning cigarettes sold by tribal retailers and has no contractual or any other type

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 6

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
Fax 509/625-1914

of relationship personal or commercial with the Puyallup Tribe of Indians. Daniel T. Miller and Amber Lanphere have agreed to act as class representatives for non-Indian purchasers from licensed Indian retailers located on the Puyallup Indian Tribe Reservation.

2.5    Paul M. Matheson is an enrolled Puyallup Indian.   He is licensed by the Puyallup Tribe of Indians to sell tobacco products.  He owns and operates a retail store within the Puyallup Indian Reservation that sells sundry items, including commercially packaged cigarettes. The name and address of the store is Baby Zack's, 7403 Pacific Highway East, Milton, Washington 98354.  Paul Matheson has agreed to act as a class representative of the licensed Indian tobacco retailers licensed by the Tribe and doing business on the Puyallup Reservation.

### Defendants

2.6    Defendant Chad Wright is or was the Tax Enforcement Officer of the Puyallup Tribe and CEO of the Tahoma Market.  He acted beyond any authority that could be bestowed on him by agreeing to force Plaintiffs to charge and pay higher prices while employed as a competitor to Plaintiff Matheson.   He also manages the Tahoma Market that competes with Plaintiff Matheson in the same market area.

2.7    Defendant Herman Dillon Sr., is the tribal chairman of the Defendant Puyallup Tribe of Indians.  He acted beyond any lawful authority

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 7

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

the Defendant Puyallup Tribe could confer on him by knowingly violating federal antitrust and price control laws. He also acted beyond the scope of any legally constituted authority by agreeing to and signing the Tribe-State Agreement on April 20, 2005, wherein he agreed to force the Plaintiffs to pay higher prices even though he knew that the Puyallup Tribe was a market competitor of Plaintiff Paul Matheson.

2.8     Defendant Puyallup Tribe of Indians was established by the Treaty of Medicine Creek of 1854 and is located within the boundaries of Pierce County, Washington. The Puyallup Tribe of Indians is a Native American Indian tribe recognized as such by the United States Government. The Tribe's reservation is located within the external boundaries of the State of Washington and within the Western District of Washington at Puyallup and Tacoma, Washington.

2.9     Putative Class Member Retailers are all persons or entities licensed by the Puyallup Tribe of Indians to sell cigarettes at retail and purchased and affixed Puyallup Tribe tax stamps to the cigarette packages before sale and/or paid tax on wholesale purchases.  The retailers could have purchased from Indian wholesalers, but were forced by the contract to purchase their inventory from wholesalers who were licensed by the State of Washington or who had to be certified by the State of Washington.  The wholesalers added a Master Settlement Act premium to the cost of the

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 8

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

cigarettes.   The Tribe, by requiring retail prices above wholesale cost and added tax is price fixing by the Tribe, a market participant in the same market area as Plaintiff Paul Matheson.

2.10   Putative Class Member Consumers are all non-Indian, non-reservation citizens who purchased commercially packaged cigarettes from retailers licensed by the Puyallup Tribe of Indians, that bore Puyallup Tribe cigarette tax stamps, and were also charged a Master Settlement Act premium for the cigarettes.  All allegations by Paul M. Matheson, Daniel T. Miller or Amber Lanphere are individually and also alleged for the benefit of putative class members, if the class or classes are approved by the Court.

### III.   JURISDICTION AND VENUE

3.1   This is an action for illegal price fixing, antitrust, and unfair competition violating the Sherman and Clayton Acts, 15 U.S.C. § 1, 3, 13, 15 and 26.  Jurisdiction of this Court is established by 15 U.S.C. § 15 as two of the three Plaintiffs do business or reside in this District and all the Defendants are found in this District.

3.2   Jurisdiction is also established by 28 U.S.C. § 1331 as the action arises under U.S. Const. art. I § 8 cl.3; art. I § 10 and art. III § 2 cl.2. The enforcement of Indian tribal laws against a non-Indian is a federal question within 28 U.S.C. § 1331.  *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1077 (9th Cir. 1990).  28 U.S.C. § 1331 federal question

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 9

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

jurisdiction by 28 U.S.C. § 1738, a statute allowing federal courts to determine whether foreign courts, including tribal courts must give impartial justice and have created a system of jurisprudence that is without prejudice and in accordance with due process of law.  Plaintiff Miller was not a party to any prior tribal court proceedings, the other plaintiff exhausted all remedies in tribal court, a court that is not entitled to comity as due process of law, impartiality and fundamental fairness was denied to the Plaintiffs who appeared in the action.  *AT & T Corp. v. Coeur d'Alene Tribe*, 295 F.3d 899, 905 (9th Cir. 2002); *Wilson v. Marchington,* 127 F.3d 805, 811 (9th Cir. 1997); *Bird v. Glacier Co-Op*, 255 F.3d 1136, 1153 (9th Cir. 2001) and *Burrell v. Armijo*, 456 F.3d 1159, 1168 (10th Cir. 2006).

      3.3    Article III jurisdiction exists as Plaintiffs seek damages for price discrimination caused by Defendants, forcing Plaintiff Matheson to purchase only from non-resident wholesalers licensed or certified by the State of Washington.  The harm to Plaintiffs will be readdressed by a favorable decision against Defendants. Plaintiffs Daniel T. Miller and Amber Lanphere, non-residents, non-Indians, do not consent to tribal laws or jurisdiction.  They have no direct consensual relationship with the Tribe. *Plains Commerce Bank v. Long Family Land and Cattle,* 554 U.S. 316, 324, 128 S.Ct. 2709, 171 L.Ed.2d 457 (2008); *Mayfield v. United States,* 599 F.3d 964, 969-70 (9th Cir. 2010); *Wilbur v. Locke,* 423 F.3d 1101, 1007 (9th Cir.

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 10

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
Fax 509/625-1914

2005) *abrogated on another issue* by *Levin v. Commerce Energy,* 130 S.Ct. 2323, 176 L.Ed.2d 1131 (2010).

3.4    Jurisdiction is also established by interstate and Indian commerce violations by Defendants conspiring to create reciprocal taxes and protectionist barriers causing damage to Plaintiffs. 42 U.S.C. § 1983, U.S.Const. art. § 8, cl. 3, *Healy v. The Beer Institute,* 491 U.S. 324, 336, 109 S.Ct 2491,105 L.Ed.2d 275 (1989); *Dennis v. Higgins,* 489 U.S. 439, 111 S.Ct 865, 873, 112 L.Ed.2d 969 (1991).    *Great Atlantic and Pacific Tea Company v. Cattrell,* 424 U.S. 366, 370, 373, 96 S.Ct 923, 47 L.Ed.2d 55 (1976).

3.5    Jurisdiction and venue are proper as the Defendant Puyallup Tribe charged a cigarette tax to all purchasers including Plaintiffs Daniel T. Miller and Amber Lanphere, by forced additions to the cost of purchases of commercially packaged cigarettes.  The requirement by Defendant Tribe that forces Matheson to purchase only from state certified wholesalers injures Daniel T. Miller and Amber Lanphere, and other consumers by eliminating competition of wholesalers who do not do business in Washington State and who are not required to add the Washington lawsuit settlement to the wholesale cost.  The certification of wholesaler requirement by the Defendant Tribe to force Matheson to purchase from restricted wholesalers is an unfair method of competition violating the

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 11

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
Fax 509/625-1914

Sherman Act, 15 U.S.C. § 1 and other federal antitrust laws. The wholesalers enter into Indian commerce or are in an unbroken chain of interstate commerce transporting original packaged goods in interstate commerce among the states. The cigarettes were delivered in original packages in interstate commerce onto the Puyallup Indian Reservation. Plaintiffs Daniel T. Miller and Amber Lanphere do not consent to the tobacco laws, legislative or substantive jurisdiction of the Puyallup Tribe. The Defendant Tribe wrongfully ceded control of wholesale and minimum prices to the State of Washington.  The action waived any tribal immunity as control was ceded to a government beyond tribal control.  The Defendant Tribe then forced Plaintiff Matheson to sell and buy at prices that were inflated due to attempted control of Matheson by the Defendant Tribe.  The price control is a forced illegal exaction beyond the Tribe's authority both territorially, legislatively and judicially.   *Rowe v. New Hampshire Motor Transport Assn.,* 552 U.S. 364, 371, 128 S.Ct. 989, 169 L.Ed.2d 933 (2008). (federal preemption involving interstate cigarette carriers). U.S. Const. art. 1 § 8 cl.2.  *Williams v. Lee,* 358 U.S. 217, 223, 79 S.Ct. 269, 3.L.Ed.2d 269 (1959).  U.S. Const. art. 1 § 8 cl. 8, *Moe v. Confederated Salish and Kootenai Tribes of the Flathead Reservation,* 425, U.S. 463, 481, 96 S.Ct. 1634, 48 L.Ed.2d 96(1976).  U.S. Const. art. 6, cl.2.

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 12

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

3.6    On June 5, 1996, the State of Washington brought suit against the four major tobacco manufacturers in *State of Washington v. American Tobacco Co. Inc., et. al.,* King County Superior Court Case No. 96-2-15056-8-SEA.    In the November 23, 1998, agreement between the states and tobacco manufacturers, leading United States tobacco product manufacturers entered into a settlement agreement entitled the "Master Settlement Agreement," (MSA) with forty-six states. The agreement is defined in Washington law at Wash.Rev.Code 70.157.005(e).    The MSA obligates the named manufacturers, in return for a release of past, present and certain future claims against them, to pay substantial sums to the State of Washington allegedly to fund a national foundation devoted to the interests of public health, and to make substantial changes in their advertising and marketing practices and corporate culture.    The settlement created substantial payments to the states including Washington, but no payments were ever made to Indian tribes from the settlements.

3.8    As part of the settlement agreement, in 1999 Washington enacted what has commonly been referred to as the "Model Act" or "Escrow Statute," Revised Code of Washington Ch. 70.157, for non-participating manufacturers (NPMs). NPMs are tobacco manufacturers that have not joined the MSA suit.    In the absence of the escrow statute, these non-participating manufacturers allegedly could use a resulting cost advantage

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 13

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

to derive large, short-term profits in the years before liability might arise. The State was concerned that it would not have an eventual source of funds for recovery if such tobacco product manufacturers were proven to have acted culpably for costs associated with smoking. All the states were also concerned that such manufacturers could become judgment proof before liability arose, and there would be no source of revenue available for compensation of claims that supposedly would have to be paid by the state of Washington. The states negotiated a settlement agreement to the lawsuit and established an escrow fund for such nonparticipating tobacco product manufacturers to make sure they got paid.

3.9    Any tobacco product manufacturers selling cigarettes to consumers in the State of Washington must either join the MSA or place funds into escrow. Wash.Rev.Code 70.157.020(a) and (b). If a tobacco product manufacturer places funds into escrow, it is entitled to the interest, and the funds revert back to the company twenty-five years after the date on which they were placed into escrow. Wash.Rev.Code 70.157.020(b)(2) and (3). The State of Washington has not been delegated any jurisdiction or authority by Congress to enforce state taxes on Indian reservations or to enforce the MSA settlement. Plaintiff Matheson cannot be taxed or regulated by the State of Washington. However, the Defendant Tribe, even though it was not a party to any MSA agreement, agreed with the State to force

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 14

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

Matheson to pay more for his inventory of like kind and quality, thereby charging Plaintiffs Daniel T. Miller and Amber Lanphere, a non-competitive price on cigarettes they purchased from Matheson. By agreeing to collect a premium to support the competitive pricing and by conveying 30% of what the Defendant Tribe collects from Plaintiffs, the Defendant Tribe also violates the common law revenue rule that prohibits one sovereign from collecting the other sovereign's revenue. Agreement Part IV, 3, page 5. Control and the effect of this tax revenue sharing is that the Defendant Tribe exerted its market power to raise prices and eliminate competition. Since the Defendant Tribe sells in competition in the same market area, it violates federal antitrust laws and the case authority construing the antitrust federal statutes. This is a practice prohibited by *Real Comp II, Ltd. v. Federal Trade Commission*, 635 F.3d 815, 827 (6th Cir. 2011); *Pacific Coast Agr Export Ass'n v. Sunkist Growers*, 526 F.2d 1196, 1203 (9th Cir. 1975) and other cases.

3.10 The funds held in escrow can only be released to pay a judgment or if the tobacco product manufacturer places more into escrow than the amount the manufacturer would have deposited if it had joined the MSA. See, e.g., Wash.Rev.Code 70.157.020(b)(2)(A) & (B). This action seeks to prevent additions to minimum pricing mandated by Defendants for payment into the escrow from Indian reservation retail sales by Indian

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 15

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

retailers. The addition also violates federal antitrust laws making minimum pricing illegal.

3.11 The action of the Defendants by willfully engaging in a conspiracy with the State to burden interstate commerce with economic protectionism and state embargo violates Plaintiffs Daniel T. Miller and Amber Lanphere's civil and constitutional rights. It also violates Plaintiff Matheson's civil and constitutional rights. The Court also has jurisdiction of this federal question pursuant to 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, *Granholm v. Heald,* 544 U.S. 460, 472, 125 S.Ct 1885, 161 L.Ed.2d 796 (2005); *Costco v. Hoen,* 538 F.3d 1128 (9th Cir. 2008); *Hemi Group LLC v. City of New York,* 130 S.Ct 983, 987 (2010); *Dennis v. Higgins,* 489 U.S. 439, 111 S.Ct 865, 112 L.Ed.2d 969 (1991).

## IV. BACKGROUND FACTS

4.1 Plaintiffs Daniel T. Miller and Amber Lanphere are non-Indian, non-residents of the Puyallup Indian Reservation. They are not related to and have never met Paul Matheson. At all times alleged herein, Lanphere worked and lived in Tacoma, Washington. Miller lives in Spokane Valley, Washington. Both, at different times, drove onto the Puyallup Indian Reservation by car and bought a carton of commercially manufactured cigarettes from the convenience store owned by Paul Matheson named Baby Zack's located at 7403 Pacific Highway East, Milton, Washington 98354.

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 16

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

They left the reservation on the same day after purchase.  The price paid for the carton of cigarettes included the Puyallup Tribe cigarette tax and the Master Cigarette Tobacco Settlement Escrow Fund Payment to the State of Washington escrow fund amounting to about $5 per carton.  The fund is created by Washington Code, R.C.W. 70.157.020; 43,79.480.  The Puyallup Tribe entered into a Compact with the State of Washington on April 29, 2005, in which the Puyallup Tribe agreed that any Puyallup tribal retailer, including Paul Matheson, to purchase only from Washington State Tobacco Wholesalers or state certified wholesalers.  The Puyallup Tribe Cigarette Code 3.07.470 requires that retailers must sell to consumers at retail at a minimum price established by the wholesale price paid by the retailer plus the Puyallup Tribe cigarette tax.  This requirement gives price protection to the Defendant Puyallup Tribe's sales to the public and also non-Indian competition in the market area.  Since the incidence of the cigarette tax is on the purchaser at retail, including Daniel T. Miller and Amber Lanphere and those similarly situated, the retail purchasers were forced to pay the Puyallup Tribe cigarette tax and the additional price amounts added by the wholesalers limited by Defendants or others up the chain of distribution to pay into the Washington State Master Settlement Escrow Fund.  Seeking to recover the tax she paid and also as a putative class action plaintiff, Lanphere, together with Paul Matheson, filed in Tribal Court seeking a

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 17

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

return of the tax and Master Settlement Act payment.  The Puyallup Tribe admits that the tax is lucrative and that it received 6.3 million in tax in the first year after enactment.  The Puyallup Tribe Cigarette Tax Compact has been in force from April 29, 2005, and has continually required the payments outlined above to the present time and into the future as the compact has an eight year duration.  The State of Washington has no tax authority over Matheson and is not a competitor of Matheson's.   The Puyallup Tribe's actions, regardless of the legality of the agreement, are anti-competitive, and are different from the State of Washington, who is not a retail competitor of Plaintiff Matheson.

   4.2 The ability of an Indian tribe to legislate and tax non-Indian, non-residents is presumed to be beyond the Defendant Tribe's authority. Civil authority over non-members, including Plaintiffs Daniel T. Miller and Amber Lanphere, is beyond the Tribe's sovereign power unless there is a specific direct consensual relationship with the person or entity who bears the burden of the tax.  The reason is that an Indian tribe has no right to govern persons within their reservations except tribal members.  A tribe is presumed not to have power to tax non-Indians, Plaintiffs Daniel T. Miller and Lanphere bear the burden of the tax as the incidence of the tax is on them as the retail purchasers.  Like the non-member Indian entity in *Plains Commerce Bank v. Long Family Land and Cattle Co.*, 128 S.Ct 2709, 2720,

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 18

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

171 L.Ed.2d 457 (2009), the Tribe has no regulatory or adjudicative power over Miller or Lanphere.

4.3    The only other exception to the presumption against sovereign power over Plaintiffs Miller and Lanphere is if their conduct imperils the existence of the Tribe by causing catastrophic consequences. *Plains Commerce*, 129 S.Ct at 2726. A recent article in the Wednesday, July 15, 2009, issue of Indian Country Today, page 15, indicates that the Tribe, composed of approximately 2500 members, made $275.5 million net income from its casino operation in 2007. The Tribe is well able to support itself and its members on casino revenue alone. Therefore, voiding the tax, which is one of the remedies sought, will not suffer catastrophic consequences to the Tribe.

4.4    Indian tribe sovereignty is the inherent right to govern. Tribal sovereignty is a case law development and does not apply to Plaintiffs Daniel T. Miller or Amber Lanphere, who are non-Indians. Tribal sovereignty does not apply in this case as the Tribe-State Compact is declared as a "mutual undertaking." The Tribe's conduct delegated its powers to the State of Washington, an entity that is not an arm of the Tribe. Further, the agreement shares 30% of the revenue with the Tribe. The agreement also provides for mandatory arbitration (mediation).

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 19

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

4.5    Regulating cigarette sales by the Puyallup Tribe, who owns and operates convenience stores in competition with Matheson, is not a governmental but a proprietary function.  Dealing in wholesale or retail cigarette marketing is in itself a waiver of a tribe's sovereign immunity. *Jefferson County Pharmaceutical Ass'n v. Abbott Laboratories*, 460 U.S. 150, 154, 103 S.Ct 1011, 74 L.Ed.2d 882 (1983) does not exempt governments who compete with private business stating, "We conclude that the exemption does not apply where the state has chosen to compete in the private retail market."  By collecting cigarette taxes as a conduit for the State, the Tribe has no sovereign or any other type of immunity.  The facts of this case do not vest Defendant Puyallup Tribe with any immunity as the Tribe, as a competitive retail seller, attempts to regulate non-Indians. Sovereign immunity is presumed not to exist; further, the acts of the Defendant Tribe may be enjoined and in all events have constituted a waiver of sovereignty.

## V.  CLASS ACTION ALLEGATIONS

5.1    Impracticality of Joining All Members of the Class as Parties Due to Size of Class - Fed.R.Civ.P. 23(a)(1). Federal Indian Tribes, in the absence of specific rules and statutes, follow state and federal procedural rules. The exact number of persons and/or entities similarly situated to the Representative Retail Class Member, or Representative Consumer Class

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 20

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

Member Plaintiffs is now unknown, but will be ascertained by discovery or survey as this case proceeds. It is estimated that the number of retail businesses is about forty in number and the number of retail purchases in the millions. The exact number of retailers will be determined from Defendants' records of retail licenses and such consumers may be identified with particularity through appropriate judicial discovery procedures, such that it would be possible to give such persons actual notice of these proceedings, if required.

5.2    Existence of Questions of Law or Fact Common to the Class Fed.R.Civ.P. 23(a)(2). There exists questions of law and fact common to the Representative Plaintiffs' claims and the claims of the respective putative class members, such as those set forth for Representative Plaintiffs in the paragraphs that follow:

5.3    Claims of the Representative Party are Typical of Claims of the Class - Fed.R.Civ.P. 23(a)(3). The claims of the Representative Plaintiff are similar to all others in that the Plaintiffs are, or have been retailers' customers, and have been and are continuing to be charged the Puyallup Tribe cigarette tax and/or charged the MSA settlement amounts.

5.4    The Representative Parties Fairly and Adequately Protects the Interest of the Class - Fed.R.Civ.P. 23(a)(4). The Representative Plaintiffs come before this Court in the same capacity as any other litigant seeking

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 21

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

redress for grievances and to seek class relief for all of those persons exposed to the same harm for which they or any one of them are aggrieved. The adequacy of the Representative Plaintiffs ability to fairly and adequately protect the interest of the class does not depend upon their financial status but rather upon:

(a) The capacity of chosen counsel to adequately prosecute the case on his or her behalf and on the behalf of the putative classes. Plaintiffs' counsel are experienced trial attorneys who have engaged in extensive trial practice and have considerable experience in all tax litigation from several other tax cases. Plaintiffs' counsel has also had experience in litigation group tax relief for one class of businesses.  Plaintiffs' counsel has the necessary skills, expertise, and competency to adequately represent the interest of Plaintiffs and those of the class.

(b) The fact that the Representative Plaintiffs do not have any interests which are antagonistic to those of the class;

(c) The fact that the Representative Plaintiffs are ready and willing to bring this class action in a representative capacity on behalf of the putative classes.

5.5    This Class Action is Maintainable Under Fed.R.Civ.P. 23(b). Federal class action procedural rules apply to this proceeding.  In addition to satisfying FRCP 23(a), the claims of Plaintiffs satisfy the conditions of

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 22

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE. WASHINGTON 99201-0995
509/747-2104
Fax 509/625-1914

F.R.C.P. 23(b)(1), (2) and (3).

(a) Fed.R.Civ.P. 23(b)(1)(A) and (B). The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the Defendants and would also create the risk of adjudication with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other persons not party to the adjudication.

(b) Fed.R.Civ.P. 23(b)(2). The Defendants have attempted to dismiss all actions involving the tribal tax and therefore have acted on grounds generally applicable to all putative class members, making final injunctive relief or declaratory relief appropriate with respect to the class as a whole.

(c) Fed.R.Civ.P. 23(b)(3). Alternatively, the resolution of the numerous legal and factual questions pertaining to the putative class members predominate over any questions affecting only individual members such that the prosecution of a class action is superior to other available methods for the fair and efficient adjudication of this controversy. In this regard, there should be little, if any, interest in individual members of the class controlling the prosecution of a separate action for this relief since the relief sought is to apprise the entire class membership of their rights to damages or reductions in charges. This action is a superior method in preventing

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 23

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
Fax 509/625-1914

future economic and pecuniary loss to retailers and thousands of consumers who are members of the public at large in purchasing cigarettes from Puyallup Indian retailers. This action is uniquely directed to preserve the integrity and safety of consumers, the sanctity of business ventures, and to ensure that all Washington citizens who purchase from Puyallup tribal members are protected in the future by providing that businesses operating on the Puyallup Indian Reservation must not pass on, collect, or impose cigarette taxes or MSA premiums from purchases at retail by persons who are non-Indians and non-residents of the Puyallup Indian Reservation. The class will benefit by redress from the ongoing action which, if left, thousands of individual actions would greatly congest the forums of this Court. Any difficulties which may be encountered in this action will be slight compared to the impracticality of having thousands of individuals bringing individual actions and thereby unnecessarily burdening this Court. The class litigation is a fair, efficient and expeditious vehicle for providing redress to both unnamed and named plaintiffs and to as yet unidentified class members. This action is superior to any other available method for the fair and efficient adjudication of this controversy.

Complaint for Relief, Declaratory Judgment
·and Injunction and other relief - 24

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

## VI.  FACTUAL ALLEGATIONS

### A.  The Puyallup Tribe-Washington State Agreement Cannot Be Applied To Plaintiffs.  The Puyallup Tribal Tax Must Be Refunded.

6.1    Plaintiff Paul M. Matheson owns and is operating a retail store at Milton, Washington, on the Puyallup Indian Reservation. All persons who have an interest in Plaintiff's business are family members who are fully enrolled members of the Puyallup Tribe, or qualify as Puyallup tribal members or the Coeur d'Alene Tribe, or are spouses.  On May 19, 2005, Plaintiff Paul M. Matheson paid $14,100 for Puyallup tribal tax stamps and $44,438.50 on May 23, 2005.  He has since paid thousands of dollars more to the Defendant Puyallup Indian Tribe who on information and belief has remitted 30% of the amounts collected from tribal retailers to the State of Washington.

6.2   On April 20, 2005, the Governor of the State of Washington and the Defendant Puyallup Tribe entered into a contract whereby the Tribe agreed to force their Indian retailers to charge a cigarette tax based on the cigarette tax of the State of Washington and also agreed that wholesalers could be regulated by the State of Washington.   To the knowledge of Plaintiffs, the contract was never approved by the Secretary of Interior Bureau of Indian Affairs.   The Contract at Part IV, page 5, provides that the Puyallup Tribe will force all tribal retailers of commercially packaged

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

cigarettes to maintain a business license from the Tribe.

6.3   The Contract at Part IV(2)(b) further requires that the Tribe force the tribal retailers to charge approximately 87% of the state cigarette tax. If the State increases its cigarette tax, the Tribe agrees to force its cigarette retailers to incur the tax to the retail consumer by the same dollar amount. The State has increased its tax so the tribal tax has since been increased. Inexplicably, Part 1, Section 4 of the Puyallup Tribe-State of Washington agreement states, "Agreement Does Not Create any Third Party Beneficiaries. No third party shall have any rights or obligations under this agreement." Plaintiffs who were not parties to the compact allege that this clause frees them from any tax price or wholesale purchase obligations. Further, the non-participating cigarette manufacturers who sell to Indian retailers are likewise under no obligation to contribute to the settlement.

6.4   The Contract at Part V(3), page 6, forces the tribal retailer to sell at a price no less than the price paid by the retailer for the cigarettes plus the cigarette tax. The Puyallup Tribe Cigarette Code Ch. 3.07.470 forbids sale of cigarettes below the price paid plus the tribal cigarette tax.

**B.  Requiring Wholesalers Selling to Puyallup Indian Retailers to Comply with Washington State Law Violates Federal Law.**

6.5   The Contract indicates that wholesalers can only be those that are licensed or certified by the State of Washington to sell cigarettes in the

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 26

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

State of Washington. These wholesalers must pay a premium of approximately four or five dollars a carton into the State of Washington's Master Settlement Escrow Fund. All wholesalers must submit complete information of all cigarettes sold by brand, brand family and amount to the State of Washington. Revised Code of Washington 70.158.050.

6.6    The Puyallup Tribe also entered into a Memorandum of Agreement, dated May 3, 2005, wherein the Tribe agreed that the Washington State Liquor Control Board could act as an escort of the tribal retailers transportation of cigarettes be stamped. The Tribe agreed that it would force its retailers to make travel arrangements that would satisfy the Washington State Liquor Control Board. The escort was both on and off the Puyallup Reservation. Part 3 of the Memorandum entered into on May 3, 2005, states, "The parties agree Tribal Retailers will be required to obtain any additional cigarettes exclusively through wholesalers licensed with the State of Washington to sell cigarettes in the State of Washington."

6.7    Part V(1), page 6 of the April 20, 2005 Contract, requires that the Tribe force the tribal retailers to purchase cigarettes "only" from wholesalers licensed by the State of Washington to sell cigarettes at wholesale in the State of Washington.

6.8    Defendant Puyallup Tribe at Part VII(2), page 8 of the Contract, agreed that it will comply with the Master Settlement Act Escrow provisions

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 27

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
Fax 509/625-1914

of the Revised Code of Washington 70.157, 70.158 and 19.91.300. The provision states that the Tribe will not interfere with the State of Washington's "efforts to secure compliance of non-participating manufacturers." RCW chapter 70.158 requires tobacco wholesalers to report by brand, brand family, number of cigarettes and other information on non-participating manufacturers that a wholesaler has stamped. These new statutes are called by the State of Washington a complimentary statute or contraband act. Chapter 70.158 was effective July 1, 2003.

**C.     Requiring Cigarette Sales By Puyallup Indian Retailers To Pay Into The State MSA Settlement Is Illegal.**

6.9  In the November 23, 1998, agreement between the states and tobacco manufacturers, leading United States tobacco product manufacturers entered into a settlement agreement, entitled the "Master Settlement Agreement," (MSA) with forty-six states. The MSA obligates the named manufacturers, in return for a release of past, present and certain future claims against them, to pay substantial sums to the State of Washington allegedly to fund a national foundation devoted to the interests of public health, and to make substantial changes in their advertising and marketing practices and corporate culture.

6.10   As part of this settlement agreement, in 1999 Washington enacted what has commonly been referred to as the "Model Act" or "Escrow

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 28

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

Statute," Revised Code of Washington Ch. 70.157, for non-participating manufacturers (NPMs). NPMs are tobacco manufacturers that have joined the MSA. In the absence of the escrow statute, these non-participating manufacturers allegedly could use a resulting cost advantage to derive large, short-term profits in the years before liability might arise. The State was concerned that it would not have an eventual source of funds for recovery if such tobacco product manufacturers were proven to have acted culpably for costs associated with smoking. All the states were also concerned that such manufacturers could become judgment proof before liability arose, and there would be no source of revenue available for compensation of claims that supposedly would have to be paid by the State of Washington. The states negotiated an agreement to create an escrow fund for such nonparticipating tobacco product manufacturers to make sure they got paid.

6.11    Any tobacco product manufacturer selling cigarettes to consumers in this state must either join the MSA or place funds into escrow. Revised Code of Washington 70.157.020(a) and (b). If a tobacco product manufacturer places funds into escrow, it is entitled to the interest, and the funds revert back to the company twenty-five years after the date on which they were placed into escrow. Revised Code of Washington 70.157.020(b)(2) and (3).

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 29

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
Fax 509/625-1914

6.12   The State of Washington has attempted to place the funds beyond its control.  The funds held in escrow can only be released to pay a judgment or if the tobacco product manufacturer places more into escrow than the amount the manufacturer would have deposited if it had joined the MSA.  See RCW 70.157.020(b)(2)(A) & (B).  This suit seeks to prevent the Defendant Tribe from forcing payments by Plaintiffs into the escrow from Indian reservation retail sales by Indian retailers.

6.13   The Defendant Tribe is not bound by the MSA settlement forcing Plaintiff to pay more to fund the MSA and escrow statutes is anti-competitive and violate state and federal anti-trust laws.

6.14   Currently, holdings in the United States Second Circuit Court of Appeals have upheld suits alleging that the MSA violates the commerce clause.

6.15   In summary, the April 20, 2005, agreement provides that the Puyallup Tribe license all its retailers who sell cigarettes and impose a pricing floor on the cigarettes sold at retail at the same price as purchased by the retailers plus the Puyallup Tribe cigarette tax.  It was intended to be within the enactments of RCW 43.06.450 through 460.  The Contract also requires that the Puyallup Tribe furnish a list of Puyallup Tribe licensed retailers to the State of Washington.  The agreements to furnish names and inventory list violates Paul M. Matheson's privacy rights.  Since the retail

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 30

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914

sale of pre-packaged cigarettes cannot be less than the price Plaintiff Paul M. Matheson paid for the cigarettes and the retail sale imposes the tax on the sale at retail, the Agreement and the incorporation into the MSA agreement, imposes a pass on and collect tax and also constitutes price fixing by Defendants. Congress has not authorized the imposition of the Puyallup Tribe cigarette tax. Congress has not authorized the states to enact essentially identical price fixing parity. The effect of the price fixing and wholesaler restriction imposes extraterritorial pricing by Defendants on Plaintiffs wholly outside the Defendants' jurisdiction. The benefit of the tax and revenue sharing is totally in favor of the state of Washington and no benefit can be conferred on Plaintiff Paul M. Matheson, Plaintiffs Daniel T. Miller and Amber Lanphere or their representative groups. The Plaintiffs have not consented to the contract. The Defendants acted beyond their authority and jurisdiction by agreeing to fix prices on Plaintiffs.

**D.     Setting Minimum Prices For Sales by Puyallup Indian Resales Is Price Fixing Violating State and Federal Law.**

6.16   The Defendant Tribe was not a party to the MSA, hence, Paul M. Matheson has been overcharged approximately $3.35 to $5.00 per carton for the MSA market share addition to prices. Plaintiffs have no right to any Master Settlement Agreement allocable share. Accordingly, Plaintiffs should not be forced by the Defendant Tribe to purchase cigarettes that are

Complaint for Relief, Declaratory Judgment
and Injunction and other relief - 31

ROBERT E. KOVACEVICH, P.L.L.C.
A PROFESSIONAL LIMITED LIABILITY COMPANY
818 WEST RIVERSIDE
SUITE 525
SPOKANE, WASHINGTON 99201-0995
509/747-2104
FAX 509/625-1914