HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL T. MILLER, AMBER LANPHERE, and PAUL M. MATHESON,<br><br>Plaintiffs,<br><br>v.<br><br>CHAD WRIGHT, HERMAN DILLON, SR., and THE PUYALLUP TRIBE OF INDIANS,<br><br>Defendants. | No. 3:11-cv-05395 RBL<br><br><br><br>ORDER |

## INTRODUCTION

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss under Rule 12(b)(1) for lack of jurisdiction. The Court has reviewed the materials submitted in support of and in opposition to the motion. The Court GRANTS Defendants' Motion to Dismiss.

## BACKGROUND

Defendant Puyallup Tribe of Indians is a federally recognized American Indian tribe. The Puyallup Tribe (the Tribe) was established by the Treaty of Medicine Creek in 1854 and is located within Pierce County, Washington. Defendant Chad Wright is the CEO of the Tribe's wholly-owned economic development corporation, responsible for paying and collecting from consumers the cigarette taxes at issue here. Defendant Herman Dillon, Sr. is the Chairman of the Puyallup Tribe of Indians.

The Tribe and the State of Washington entered into an agreement on April 20, 2005, whereby the Tribe agreed to collect and maintain a tax on cigarettes sold on tribal lands—

ORDER - 1

purchased by tribal members and non-members alike. The agreement ensured that the tribal tax would increase at a concomitant rate with state cigarette taxes. In exchange for receipt of 30% of tribal cigarette tax revenue, the State waived its right to collect sales tax on cigarettes purchased on tribal lands. The agreement went into effect immediately. *See* Wash. Rev. Code § 43.06.465 (2005).

Under the agreement, the Tribe and the State shared enforcement jointly. The state enforced the agreement against non-tribal and non-member wholesalers, while the Tribe enforced against tribal member retailers.

Plaintiff Paul M. Matheson is an enrolled Puyallup Indian, licensed by the Tribe to sell tobacco products. He owns and operates a retail store on Puyallup tribal land that sells, among other things, commercially-packaged cigarettes. Plaintiff Daniel T. Miller is a non-member, non-Indian residing in Spokane Valley, Washington. Miller purchased cigarettes at Matheson's retail store. Plaintiff Amber Lanphere is a non-member, non-Indian residing in Tacoma, Washington, outside the boundaries of the Puyallup Indian Reservation. Lanphere also purchased cigarettes at Matheson's retail store.

On May 26, 2011, Plaintiffs filed the current suit against Defendants Wright, Dillon, and the Tribe. In their complaint, Plaintiffs allege price-fixing, antitrust, and unfair competition by Defendants in violation of the Sherman and Clayton Antirust Acts, 15 U.S.C. §§ 1 – 26, by imposing taxes on all purchases of cigarettes within the boundaries of the Puyallup Indian Reservation. Plaintiff seeks an injunction against Defendants to bar them from collecting taxes or any other additional fees on cigarette purchases by non-member, non-Indian buyers from Matheson's retail store. Plaintiff alleges that Defendant Wright, as Tax Enforcement Officer of the Tribe, acted beyond the scope of his authority by agreeing to "force Plaintiffs to charge and pay higher prices" at the same time he was CEO of Tahoma Market, a competitor of Matheson's store. Plaintiff alleges that Defendant Dillon, as Chairman of the Tribe, acted beyond the scope of his authority by knowingly violating federal antitrust and price control laws and by signing the Tribe-State tax agreement in 2005.

Plaintiff Matheson has previously filed suit in two other venues seeking relief from the imposition of tribal cigarette taxes. On May 10, 2005, Matheson filed a complaint in Thurston County Superior Court against state and tribal defendants for injunctive relief, declaratory judgment, and damages. The Tribe filed a motion to dismiss, joined by State defendants, arguing that tribal and state sovereign immunity barred the action against the Tribe, State, and their respective officials. The court dismissed the case against both the Tribe and the State on the basis of sovereign immunity. The Washington Court of Appeals upheld the Superior Court's dismissal. *Matheson v. Gregoire*, 139 Wash. App. 624, 633, 161 P.3d 486 (2007), *rev. denied*, 163 Wn.2d 1020, 180 P.3d 1292 (2008), *cert. denied*, ___ U.S. ___, 129 S. Ct. 197, 172 L.Ed.2d 140 (2008).

On September 28, 2006, Matheson and Lanphere filed a second lawsuit in Puyallup Tribal Court against the Tribe and Defendant Chad Wright, seeking injunctive relief, declaratory judgment, and damages. On Defendants' motion, the Tribal Court dismissed the case on the grounds that sovereign immunity protected the Tribe and its officers from suit. The Puyallup Tribal Court of Appeals affirmed the dismissal.

This action ensued. Defendants filed their Motion to Dismiss, arguing that this Court lacks jurisdiction to hear the case based upon the Tribe's sovereign immunity and the *res judicata* effect of prior rulings of Washington courts and Puyallup Tribal Courts. Defendants argue that a combination of plaintiffs in the instant case have already fully litigated the issue of tribal sovereign immunity and lost. Defendants argue that new plaintiffs do not lift the *res judicata* effect as all plaintiffs are in privity with one another and thus bound by previous sovereign immunity rulings. Defendants also argue that the Tribe's sovereign immunity remains a bar to suit, because no waiver of or exception to immunity is alleged in Plaintiffs' complaint.

Plaintiffs, in their response to Defendants' motion argue that the Tribe waived sovereign immunity by dealing in wholesale or retail cigarette marketing and by ceding price-setting control of wholesale and minimum prices to the State.

**DISCUSSION**

A complaint must be dismissed under Rule 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

**1. Sovereign Immunity**

As a matter of law, Indian tribes are not subject to suit unless a tribe waives its sovereign immunity or Congress expressly authorizes the action. *Kiowa Tribe of Oklahoma v. Manuf. Technologies, Inc.*, 523 U.S. 751, 754 (1998). Tribes maintain sovereign immunity without distinction between governmental or commercial activity and without consideration of where the activity took place. *Id*. at 754 – 55. Tribal sovereign immunity, as with other types of sovereign immunity, applies to officers acting within the scope of their authority. *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 728 (9th Cir. 2008). A waiver of immunity must be expressed unequivocally and cannot be implied. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).

In this action, the Puyallup Tribe has not expressly waived its sovereign immunity, and thus it remains shielded from suit. In arguing that the Tribe has waived sovereign immunity, Plaintiffs ignore the clear requirement that such waiver be made expressly. Instead, Plaintiffs rely on innuendo as a basis for waiver of immunity. In their complaint, Plaintiffs allege that by "ceding" authority over price-setting to the State, the Tribe waived immunity. Plaintiffs insist the Tribe has no immunity defense against Miller's claims, because he has no "nexus" with the Tribe. Plaintiffs erroneously cite *Jefferson County Pharmaceutical Ass'n v. Abbott Laboratories*, 460 U.S. 150, 154 (1983), for the proposition that the Tribe's dealing in cigarette marketing constitutes a waiver of immunity. That case is inapplicable here. It dealt with a narrowly-tailored question of whether government activity in the marketplace was exempted from regulation under the Robinson-Patman Act. It has no bearing whatsoever on Indian sovereign immunity. Plaintiffs list of purported waivers of immunity runs on. However, it fails to show that the Tribe *expressly* waived its sovereign immunity. Sovereign immunity is not waived by implication. *Santa Clara Pueblo*, 436 U.S. at 58. Plaintiff has, in this regard, failed its burden of showing that sovereign immunity has been waived and that this Court has jurisdiction to hear the matter.

Plaintiffs contend that federal antitrust laws apply to the Tribe and its officers as federal laws of general applicability. This argument is flawed because Congress expressed no intention to apply the antitrust acts to Tribes and did not expressly abrogate the Tribes' sovereign immunity. The Supreme Court has noted that the Sherman Act "makes no mention of the state as such, and gives no hint that it was intended to restrain state action or official action directed by a state." *Parker v. Brown*, 317 U.S. 341, 352 (1943). Defendants correctly point out that this principle applies equally to tribal sovereignty. The Court suggests that sovereign entities are immune from the Sherman Act. *Town of Hallie v. City of Eau Claire*, 471 U.S. 34, 39 (1985) (holding that municipalities are not immune from application of antitrust laws because they are not themselves sovereign). Furthermore, our case law clearly recognizes that activity by government entities, which would be prohibited if performed by private parties, is not regulated under the Sherman Act. *Parker*, 371 U.S. at 352.

Plaintiffs argue that *Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113 (9th Cir. 1985) makes the Sherman and Clayton Acts applicable to the Tribe. In *Donovan*, the Court of Appeals held that Indian tribes are subject to laws of general applicability, not "only to those laws of the United States expressly made applicable to them." 751 F.2d at 1116. However, the *Donovan* Court recognized an exception that applies here: proof that the law was intended not to apply to Indians on their tribal lands. *Id*. As noted above, the Supreme Court has held that the sovereign entities were not intended to be regulated under federal antitrust laws. The Tribe, therefore benefits from the *Donovan* exception. Federal antitrust law does not apply to the Puyallup Tribe.

Plaintiffs allege Defendant tribal officials are not protected by sovereign immunity because they acted outside the scope of their authority by signing and/or enforcing the Tribe-State agreement to impose cigarette taxes. This challenge fails because the Tribe has legally-recognized authority to impose taxes. The power of taxation "is an essential attribute of Indian sovereignty. . . ." *Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130, 137 (1982). Furthermore, tribes have the power to tax non-tribal purchasers in transactions occurring "on trust lands and significantly involving a tribe or its members." *Washington v. Confed. Tribes of the Colville Indian Reservation*, 447 U.S. 134, 152 (1980). Where, as here, tribal officials carried out their duty of imposing and collecting a lawful tax, sovereign immunity shields them. *Cook, supra*, 548 F.3d at 728. Plaintiffs' argument that tribal officials exceeded their authority in agreeing to and enforcing the cigarette tax is rejected.

Insofar as Plaintiffs assert tort claims against tribal officials, those claims do not lift sovereign immunity. Their tort claims have not raised a federal question and, therefore, this Court does not have jurisdiction to adjudicate them.

The Tribe and its officials retain sovereign immunity from suit.

**2. Res Judicata**

Two previous court actions have dealt with challenges to the Puyallup Tribe's cigarette tax regime by a combination of the Plaintiffs in this case. And two previous courts systems have

determined that the Tribe and its officers are immune from such suit. Accordingly, we address the *res judicata* principle here.

*Res judicata* is a legal doctrine incorporating claim and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 n.5 (2008). Claim preclusion is a principle of law whereby "a prior judgment [forecloses] successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *Id*. There is a three-prong inquiry for the application of *res judicata*: first, whether the issues presented in the case at bar are substantially the same as those decided against the Plaintiffs in the previous actions; second, whether controlling facts or legal principles have significantly altered since the prior judgments; and finally, whether special circumstances warrant an exception to the doctrine. *Montana v. United States*, 440 U.S. 147, 155 (1979). An exception exists for cases concerning unmixed questions of law in successive actions where claims are substantially unrelated. *Id*. at 162 (quoting *United States v. Moser*, 266 U.S. 236, 242 (1924)). The England Reservation provides an exception where a litigant invokes federal jurisdiction but is nonetheless forced to accept a state court's adjudication of the claims. *England v. Medical Examiners*, 375 U.S. 441, 415 (1964). The Court has illuminated one other exception where the proceedings in the other venue were unfair or inadequate and where the moving party did not have a "full and fair opportunity" to litigate the issues. *Montana*, 440 U.S. at 154. In short, unless an exception applies, a court will employ *res judicata* "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Stratosphere Litigation, L.L.C. v. Grand Casinos, Inc.*, 198 F.3d 1137, 1143 (9th Cir. 2002).

Plaintiffs' case meets the criteria to apply the *res judicata* principle to the question of whether the Defendants' are subject to suit. The issues presented here are substantially similar to *Matheson v. Gregoire* and *Matheson v. Wright*. Controlling facts and legal principles giving rise to dismissal on sovereign immunity grounds remain unchanged. None of the exceptions can be

reasonably applied to this case. The claims remain substantially the same; the Plaintiffs chose to litigate in state and tribal courts prior to this action and were not forced into those venues; and Plaintiffs have had a full and fair opportunity to litigate these matters. Plaintiffs have twice received a final judgment. Furthermore, plaintiffs are in privity with one another. The parties are two purchasers and one seller, whose interests are aligned. Privity exists where substantial identity between parties supports a sufficient "commonality of interest." *Tahoe-Sierra Preservation Council v. Tahoe Regional Planning* Agency, 322 F.3d 1064, 1081 (9th Cir. 2003). Where interests of new parties to the suit were amply represented in prior actions, privity exists. *Pedrina v. Chun*, 97 F.3d 1296, 1301 (9th Cir. 1996). The interests presented in this case are no different than those represented in the previous two actions. As they have in state and tribal courts, Plaintiffs here challenge the cigarette tax regime imposed by the Tribe pursuant to its agreement with the State. While they might raise novel arguments about violations of federal antitrust laws, those are claims that could have been raised at state court and are, therefore, not available in this action as a means to do an end-run around *res judicata* application of the prior courts' holdings.

On the question of whether or not the Tribe and its officers are protected from suit by the doctrine of sovereign immunity, this case is *res judicata*. Plaintiffs' action is barred.

**3. Discovery**

Plaintiffs seek discovery prior to judgment on this Motion to Dismiss. Discovery is inappropriate here. Until a court resolves the question of sovereign immunity, discovery should not proceed. *DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *cert. denied*, 501 U.S. 1204 (1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)). Plaintiffs have not cited persuasive authority to justify granting a discovery period. Additionally, they have given no indication that they require further information in order to challenge the Tribe's defense of sovereign immunity. Discovery is unnecessary in ruling on Defendants' Motion to Dismiss.

## CONCLUSION

The Puyallup Tribe of Indians and its officers retain sovereign immunity from suit. Application of *res judicata* principles affirms that judgment. Accordingly, Defendants' Motion to Dismiss is GRANTED.

**IT IS SO ORDERED.**

DATED this 6th day of October, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE